1
2                                                                    O
3                                                              JS-6
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                          WESTERN DIVISION
11   Quality Loan Service Corp.          ]   Case No.  CV07-7128-CAS (VBKx)
12                                       ]
13                       Petitioner,     ]   ORDER DENYING THE FRANZENS'
                                         ]   MOTION  FOR  SUMMARY
                                         ]   JUDGMENT  AND  GRANTING  THE
14   vs.                                 ]   UNITED  STATES'  MOTION  FOR
                                         ]   SUMMARY JUDGMENT
15   All Claimants to Surplus Funds, Etc. ]
16                                       ]
17                       Claimants.      ]
                                         ]
18   _____  ]

19
20   **I.      FACTUAL AND PROCEDURAL HISTORY**

21           On November 29, 1999, Karen Chapin and Ted Chapin executed a deed of trust,

22   which named Credit Based Asset Servicing and Securitization LLC as the successor

23   beneficiary.  Notice of Removal, Ex. H (Trustee's Petition).  The deed of trust was secured

24   by real property located at 24702 Pallas Way, Mission Viejo, CA 92691.  Id.  Quality Loan

25   Service Corp. ("the trustee") is the trustee under the deed of trust.  Id.  Karen and Ted

26   Chapin eventually defaulted under the terms of the deed of trust.  On October 31, 2006,

27   Quality Loan Service Corp., in its capacity as trustee, sold at a non-judicial foreclosure

28   sale the real property located in Mission Viejo, California.  Id.  This sale resulted in a

surplus in the amount of $233,942.15 ("the surplus").  United States's Request for Judicial Notice ("RJN"), Ex. H (Trustee's Petition) ¶ 7.[1]  The trustee identified 27 junior liens on the subject property, including eight held by the Internal Revenue Service ("IRS").  Id. ¶ 12.  Respondents Mark V. Franzen and Debra A. Franzen ("the Franzens") are among the lien holders.  Id.

On or about August 23, 2007, after the Franzens disputed the priority of disbursement of the surplus funds that had been determined by the trustee, the trustee filed a petition and declaration regarding unresolved claims and deposit of undistributed surplus proceeds of trustee's sale ("the petition") in the Orange County Superior Court, pursuant

---

[1]  The United States requests that the Court judicially notice the following documents:

(1)    Notices of Federal Tax Liens for Ted Samuel Chapin and/or Samuel Chapin, d.b.a. Ted Chapin Construction;

(2)    a Liability Statement concerning Ted Samuel Chapin and/or Samuel Chapin, d.b.a. Ted Chapin Construction for the Employer's Quarterly Federal Tax Return for various tax periods;

(3)    a judgment and an abstract of judgement in favor of KRM Risk Management, Services Inc. on behalf of Clarendon National Insurance Co. against Ted Chapin, individually and d.b.a. Chapin Construction;

(3)    a judgment and an abstract of judgment in favor of Foothill/Eastern Transportation Corridor Agency against Ted Chapin;

(4)    a judgment and an abstract of judgment in favor of Mark Franzen and Debra Franzen against Ted Chapin, individually and d.b.a Chapin Masonry Specialists;

(5)    a stipulation between the United States of America and the State of California, Employment Development Department; and

(6)    Notices of State Tax Liens for Ted Chapin and Ted Chapin, Karen Sanchez-Chapin, and Chapin Construction.

United States' RJN, Exs. A-H.  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986).  The Court accordingly grants the United States' request and takes judicial notice of exhibits A-H.

to Cal. Civ. Code § 2924j(c).  United States' RJN, Ex. H (Trustee's Petition & Deposit of Funds).  Concurrently therewith, the trustee filed a notice of petition of trustee to deposit surplus funds pursuant to Cal. Civ. Code § 2924j(c) and an order to deposit surplus funds.  Notice of Removal ¶ 2.  The trustee deposited a sum of $230,439.56 with the court.  United States' RJN, Ex. H (Trustee's Petition & Deposit of Funds) ¶ 16(h).

According to a declaration of service signed by a representative of the trustee, the trustee mailed a copy of the aforementioned pleadings to the IRS at its office in Laguna Niguel, California on August 22, 2007, in order to give notice pursuant to California Civil Code § 2924j(d).  Notice of Removal ¶ 3, Ex. H (Trustee's Declaration of Service and Service List).  According to the United States, which is also a respondent in the instant matter, neither the United States Attorney General nor the United States Attorney's Office for the Central District of California ("USAO") had been properly served with copies of these pleadings.  Notice of Removal ¶ 4.

On October 31, 2007, the United States removed the action to this Court, asserting jurisdiction under 28 U.S.C. § 1444.  On November 30, 2007, the Franzens filed a motion to remand arguing that remand was proper because the United States failed to remove this action from state court within 30 days of its receipt of a copy of the petition in this action, as required by the removal statute, 28 U.S.C. § 1446(b).  Specifically, the Franzens argued that the United States received a copy of the petition for the purposes of 28 U.S.C. § 1446 when these documents were served upon the IRS.  Because the United States did not remove this action within 30 days of the delivery of the petition to the IRS, the Franzens argued, the United States' removal was untimely.  In opposition, the United States argued that the 30-day time period for removal had not yet begun to run because the United States was never properly served in accordance with 28 U.S.C. § 2410(b).  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (holding that the time period for removal does not begin upon mere receipt of the complaint unattended by formal service).  The Franzens countered that the petition was filed pursuant to Cal. Civ. Code § 2924j(c), which provides for a procedure that is distinct from an interpleader action.

Therefore, they argued, 28 U.S.C. § 2410(a)(5) and the service provision of 28 U.S.C. § 2410(b) are inapplicable, such that the United States' removal was untimely.

By order dated January 4, 2008, the Court denied the Franzens' motion to remand. The Court concluded that these proceedings constitute an action in interpleader within the meaning of 28 U.S.C. § 2410(a)(5). Because 28 U.S.C. § 2410(a)(5) is applicable, the Court found that the service provisions of 28 U.S.C. § 2410(b) apply. Because the trustee did not serve the complaint upon the office of the United States attorney and the United States Attorney General, as required under 28 U.S.C. § 2410(b), the 30-day time period of 28 U.S.C. § 1446 did not begin to run, and therefore, the Court held that the United States' removal was timely. The Court found that the United States' removal was also timely because the IRS was not properly served in accordance with the Federal Rules of Civil Procedure, such that the 30-day time period had not commenced.

On April 25, 2008, the United States filed its present motion for summary judgment. The Franzens filed an opposition thereto on May 5, 2008. The United States filed its reply to the Franzens' opposition on May 12, 2008. On April 28, 2008, the Franzens filed their instant motion for summary judgment. The United States filed its opposition thereto on May 5, 2008. On May 12, 2008, the Franzens filed their reply.

A hearing was held on May 19, 2008. Therein, the parties each argued, inter alia, that their respective liens are entitled to priority over the other's. The Court must therefore determine the priority of competing liens to the surplus funds. It appears that to date the following six claimants have asserted claims to the interpleaded funds:

    (1)    The IRS claims an interest in the funds pursuant to federal tax liens recorded between 2001 and 2005, and totaling $313,467.17.

    (2)    KRM Risk Management Services ("KRM") claims an interest in the interpleaded funds pursuant to a judgment entered in its favor on May 2, 2008, in the amount of $5,130.80, and secured by an abstract of judgment filed on June 20, 2002. United States' RJN, Ex. C (Judgment and Abstract of Judgment for KRM); KRM's Notice of Claim (Docket No. 19).

(3)    Foothill/Eastern Transportation Corridor Agency ("Foothill") claims an interest pursuant to a judgment entered in favor of Foothill on January 23, 2003, in the amount of $12,064.50, and secured by an abstract of judgment recorded on July 7, 2003. United States' RJN, Ex. D (Judgment and Abstract of Judgment for Foothill); Foothill's Notice of Claim (Docket No. 18).

(4)    J.J. Mac Intyre Co., Inc. claimed an interest in the funds pursuant to a judgment entered in its favor on March 1, 2005, in the amount of $4,971.23, and secured by an abstract of judgment on April 25, 2005. JJ Mac Intyre Co., Inc.'s Notice of Claim (Docket No. 3). However, on March 3, 2008, J.J. Mac Intyre Co., Inc. disclaimed any interest in the funds. J.J. Mac Intyre Co., Inc.'s Withdrawal of Claim (Docket No. 29).

(5)    The Franzens claim an interest in the funds pursuant to a judgment entered on June 10, 2005, in the amount of $100,000, and secured by an abstract of judgment on June 15, 2005 and May 2, 2006. United States' RJN, Ex. E (Franzens' Judgment and Abstract of Judgment).

(6)    The State of California, Employment Development Department (the "EDD") claims an interest in the funds pursuant to liens against Chapin's real property holdings that arose in its favor between 1998 and 2005 for unpaid state income and employment taxes. EDD's Notice of Claim (Docket No. 33).

Additionally, the IRS and the EDD have entered into an agreement to the effect that the priority of state tax liens vis-a-vis the IRS federal tax liens will be determined by assessment dates. Pursuant to this stipulation, the priority of state and federal tax liens filed against Chapin's property and rights to property is as follows:

| Claimant | Tax Assessment Date | Recording Date/ Filing Date of Abstract of Judgement | Balance Due |
|---|---|---|---|
| EDD | 10/29/98 | 3/31/03 | $5,168.47 |
| EDD | 10/30/98 | 3/31/03 | $238.69 |
| IRS | 12/20/99, 3/6/00, 9/11/00, 12/11/00 | 1/23/01 | $82,438.67 |
| IRS | 3/19/01 | 4/19/01 | $40,857.79 |
| EDD | 4/11/01 | 10/12/01 | $17,065.11 |
| IRS | 5/14/01, 6/11/01 | 8/30/01 | $24,310.69 |
| IRS | 9/17/01, 12/10/01 | 4/23/02 | $33,060.30 |
| EDD | 4/30/02 | 5/13/02 | $11,497.90 |
| EDD | 7/24/02 | 2/11/03 | $364.89 |
| IRS | 9/23/02 | 1/17/03 | $19,600.85 |
| EDD | 2/27/03 | 5/9/03 | $2,731.67 |
| EDD | 2/27/03 | 3/31/03 | $925.46 |
| EDD | 2/27/03 | 3/31/03 | $52,983.51 |
| IRS | 3/17/03, 3/24/03 | 5/25/04 | $18,996.65 |
| EDD | 4/11/03 | 12/02/03 | $5,945.84 |
| IRS | 6/23/03, 9/22/03, 12/15/03 | 5/25/04 | $52,604.69 |
| IRS | 11/24/03 | 4/19/05 | $18,667.28 |
| IRS | 9/27/04 | 4/19/05 | $14,045.10 |
| EDD | 10/18/04 | 7/21/05 | $701.44 |
| EDD | 10/25/04 | 7/21/05 | $546.62 |
| EDD | 10/25/04 | 5/5/05 | $6,097.98 |
| EDD | 11/17/04 | 7/21/05 | $17,093.46 |
| IRS | 12/20/04 | 4/19/04 | $8,885.15 |

| EDD | 2/25/05 | 12/13/05 | $101.22 |
| EDD | 3/22/05 | 12/13/05 | $262.98 |
| EDD | 4/21/05 | 12/13/05 | $3,172.68 |

## II.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co.,

121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## III. DISCUSSION

### A. THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

The United States claims an interest in the interpleaded funds based on its tax liens against Chapin. The United States now moves for summary judgment, and requests that the Court issue an order directing the superior court to distribute the surplus funds to the claimants in the order of their priority to those funds.

### 1. WHETHER THE UNITED STATES HAD A VALID TAX LIEN AGAINST THE FORECLOSED UPON REAL PROPERTY

Pursuant to the Internal Revenue Code, a federal tax lien arises automatically upon a taxpayer's failure to pay taxes due after demand. See 26 U.S.C. § 6321; see also United States v. Speers, 382 U.S. 266, 267 (1965).[2] The lien arises on the date the tax is assessed, and continues until the liability is extinguished or becomes unenforceable. Id.; 26 U.S.C. § 6322. Thus, recordation of the lien is not necessary for the federal tax lien to become effective. The lien attaches to all property then owned by the taxpayer, as well as to all after-acquired property. See 26 U.S.C. § 6322; Bank of America Nat'l Trust & Savings Ass'n v. Mamakos, 509 F.2d 1217, 1219 (9th Cir. 1975). State law controls the determination of whether a taxpayer has rights to certain property. Drye v. United States, 528 U.S. 49, 58 (1999).

---

[2] Section 6321 of the Internal Revenue Code provides that

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321.

Before the trustee's foreclosure sale, Karen Chapin and Ted Chapin were the sole legal and equitable owners of the foreclosed upon real property, located at 24702 Pallas Way, Mission Viejo, California 92691.  Notice of Removal, Ex. G (Statement of Claim to Surplus Funds: Prior Owner Interest Holder) ¶ 1.

As a consequence of Ted Samuel Chapin and/or Samuel Chapin, d.b.a Ted Chapin Construction's ("Chapin") failure to pay income and employment taxes, federal tax liens automatically arose between 1999 and 2005 when the Secretary of Treasury made tax assessments against Chapin.[3]  Said liens attached to the real property located at 24702

---

[3] The Secretary of Treasury made the following tax assessments against Chapin:

| Tax Period | Assessment Date | Total Outstanding Balance Due as of March 31, 2008 |
|---|---|---|
| **Employment Taxes (Form 941):** | | |
| 9/30/1999 | 12/20/1999 | $8,385.39 |
| 12/31/1999 | 03/06/2000 | $16,831.07 |
| 06/30/2000 | 09/11/2000 | $19,428.90 |
| 9/30/2000 | 12/11/2000 | $37,793.31 |
| 12/31/2000 | 3/19/2001 | $38,841.26 |
| 3/31/2001 | 6/11/2004 | $24,080.04 |
| 06/30/2001 | 09/17/2001 | $22,327.41 |
| 09//30/2001 | 12/10/2001 | $10,732.89 |
| 06/30/2002 | 09/23/2002 | $19,600.85 |
| 12/31/2002 | 03/17/2003 | $18,792.74 |
| 03/31/2003 | 06/23/2003 | $13,036.45 |
| 06/30/2003 | 09/22/2003 | $21,337.30 |
| 09/30/2003 | 12/15/2003 | $18,230.94 |
| **FUTA Taxes (Form 940):** | | |

(continued...)

Pallas Way, Mission Viejo, California 92691.  The IRS then recorded their federal tax liens against the real property in the Orange County Recorder's Office in accordance with 26 U.S.C. § 6323(f)(1)(A)(I):

| Instrument No. | Amount | Date Recorded | Tax | Period(s) Ending |
|---|---|---|---|---|
| 20010038741 | $43,943.08 | 1/23/01 | 941 | 9/30/99, 12/31/99, 6/30/00, 9/30/00 |
| 20010235610 | $22,240.00 | 4/19/01 | 940/941 | 12/31/00 |
| 20010606709 | $15,904.57 | 8/30/01 | 940/941 | 12/31/98, 3/31/01 |
| 20020337918 | $19,474.36 | 4/23/02 | 941 | 6/30/01; 9/30/01 |
| 2003000066036 | $12,159.90 | 1/17/03 | 941 | 6/30/02 |
| 2004000467890 | $40,302.66 | 5/25/04 | 940/941 | 12/31/02, 3/31/03, 6/30/03, 9/30/03 |
| 2005000294831 | $15,505.30 | 4/19/05 | 941 | 6/30/04, 9/30/04 |
| 2005000294834 | $13,024.63 | 4/19/05 | 1040 | 12/31/02 |

Because of a default under the terms of the deed of trust, the trustee sold the real property at a non-judicial foreclosure sale on October 31, 2006.  When the real property was sold, the federal tax liens attached to the proceeds from that sale.  Because the IRS tax liens at issue here were recorded before the Franzens secured their abstract of judgment, the IRS tax liens are senior to the Franzens' lien for the reasons set forth infra.

---

[3](...continued)

| 12/31/1998 | 05/14/2001 | $230.65 |
|---|---|---|
| 12/31/2000 | 03/19/2001 | $2,016.53 |
| 12/31/2002 | 03/24/2003 | $203.91 |
| **Income Taxes (Form 1040):** | | |
| 12/31/2002 | 11/24/2003 | $18,667.28 |

## 2.     WHETHER THE UNITED STATES IS REQUIRED TO COMPLY WITH CAL. CIV. CODE § 2924j

Next, the United States argues that it is not required to comply with Cal. Civ. Code § 2924j(4).

California Civil Code § 2924j delineates a trustee's duties when a foreclosure sale results in excess funds.  It provides that after a foreclosure sale from which there are surplus proceeds, the trustee must send written notice to all persons who have recorded interests in the real property to inform them that the trustee "intends to deposit the funds with the clerk of the clerk" and "that a claim for the funds must be filed with the court within 30 days from the date of the notice." Cal. Civ. Code § 2924j(d).  Then, before the trustee can act, all potential claimants must

> submit a written claim to the trustee, executed under penalty of perjury, stating the following:
>
> (A)   The amount of the claim to the date of trustee's sale.
>
> (B)   An itemized statement of the principal, interest, and other charges.
>
> (C)   That claims must be received by the trustee at the address stated in the notice no later than 30 days after the date the trustee sends notice to the potential claimant.

Cal. Civ. Code § 2924j(a)(4).

The Court has previously concluded that these proceedings constitute an action in interpleader within the meaning of 26 U.S.C. § 2410(a)(5).  See Jan. 4, 2008 Order.  By its own terms, Cal. Civ. Code § 2924j does not apply to interpleader actions.  Cal. Civ. Code § 2924j(e) ("Once an interpleader action has been filed, thereafter the provisions of this section do not apply.").  The United States was therefore not required to comply with Cal. Civ. Code § 2924j.

The Court finds Housekey Financial Corp. v. Hofer, 2001 U.S. Dist. LEXIS 2948 (E.D. Cal. 2001), on which the United States relies, to be persuasive.  There, plaintiff Housekey Financial Corp., acting as trustee, foreclosed on real property owned by Gary

and Mardys Hofer.  Id. at *2-3.  After costs and expenses were paid, funds remained from the sale proceeds.  Id. at *3.  Housekey Financial then mailed a Notice of Excess Proceeds and Demand for Claims to the IRS.  Id.  The IRS responded by submitting a Notice of Federal Taxes Due, which was neither notarized nor signed under penalty or perjury.  Id. J.F. George Enterprises also submitted a claim.  Id. at *3-4.  Housekey Financial then filed a complaint in interpleader against various defendants, and deposited the surplus funds with the Fresno County Superior Court.  Id. at *3.  The United States subsequently removed the action to federal court.  Id. at *4.  All claimants except for the United States and J.F. George then disclaimed their interests in the funds.  Id. at *5.

J.F. George moved for summary judgment arguing that it was entitled to the interpleader funds.  Id. at *7.  J.F. George conceded that the federal tax liens were prior in time to its judgment liens.  Id. at *8.  J.F. George argued that notwithstanding this priority in time, it was entitled to the surplus funds.  Id.  Specifically, J.F. George maintained that because the United States did not comply with Cal. Civ. Code §§ 2924j and 2924k, the United States had failed to perfect its claims to the excess funds.  Id.

The court disagreed.  First, the court held that

§ 2924j plainly does not require that the United States submit a written claim executed under penalty of perjury and prove that the tax lien was recorded to preserve its claim and priority with respect to the surplus funds. Rather, § 2924j(a) directs Housekey Financial to provide notice to the junior lienors of the following: (1) that there is a surplus from the sale, (2) that the junior lienors may be required to present proof of their respective interests, and (3) that the written claims must be executed under penalty of perjury.

Id. at *11.  Second, the court found that Cal. Civ. Code § 2924j did not apply because Housekey Financial filed an interpleader action.  The court reasoned that because "the United States is not required to take additional steps to perfect its claim to the surplus proceeds under both California and federal law and its tax liens were first in time to B.F. George's judgment lien, the United States" was entitled to the surplus funds.  Id. at *12.

Here, as in <u>Housekey</u>, the United States' noncompliance with Cal. Civ. Code § 2924j does not affect its rights to the surplus funds at issue in this case.  At the hearing held herein the Franzens argued that <u>Housekey</u> is inapposite because this case involves proceedings under Cal. Civ. § 2924j.  However, for the reasons stated above and in this Court's order the denying the Franzens' motion to remand, this action constitutes an interpleader.

### 3.    PRIORITY OF LIENS

The Court now addresses the priority of liens among the claimants that have appeared before this Court.

When a federal tax lien competes with liens created under state law, priority is determined by federal law.  <u>See</u> <u>Anquilino v. United States</u>, 363 U.S. 509, 512-14 (1960); <u>see also</u> <u>Business Title Corp. v. Div. of Labor Law Enforcement</u>, 71 Cal. 3d 878, 884 (1976) ("It is now well settled and indeed beyond argument that federal law rather than state law determines the priority of competing liens where one of the them is a tax lien asserted by the United States.").  Under federal law, "priority is determined by the general rule that 'the first in time is the first in right.'"  <u>In re Kimura</u>, 969 F.2d 806, 813 (9th Cir. 1992) (quoting <u>United States v. City of New Britain</u>, 347 U.S. 81, 85 (1954)).

Thus, a federal tax lien has priority over other debts if it is first in time; this is the general rule even if the federal tax lien has not been recorded.  <u>United States by & Through IRS v. McDermott</u>, 507 U.S. 447, 455 (1993).  However, a federal tax lien is not valid against any "purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof has been filed" in accordance with 26 U.S.C. § 6323(f).  26 U.S.C. § 6323(a).  Section 6323(f) provides that notice must be filed "[i]n the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated."  26 U.S.C. § 6323(f).  Any "lien that is competing with [a] federal lien must be perfected."  <u>In re Priest v. Progressive Savings & Loan Ass'n</u>, 712 F.2d 1326, 1327-28 (9th Cir. 1983).  A lien is perfected when it becomes choate, <u>i.e.</u>, "when the

identity of the lienor, the property subject to the lien, and the amount of the lien are established." New Britain, 347 U.S. at 84. In this case, therefore, a lien that is perfected before a proper notice of a federal tax lien is filed, will take priority over that federal tax lien.

Here, the priority of liens, taking into consideration the stipulation between the United States and the EDD, appears to be as follows[4]:

| Claimant | Tax Assessment Date | Recording Date/ Filing Date of Abstract of Judgement | Balance Due as of 3/31/08 |
|----------|---------------------|------------------------------------------------------|---------------------------|
| EDD | 10/29/98 | 3/31/03 | $5,168.47 |
| EDD | 10/30/98 | 3/31/03 | $238.69 |
| IRS | 12/20/99, 3/6/00, 9/11/00, 12/11/00 | 1/23/01 | $82,438.67 |
| IRS | 3/19/01 | 4/19/01 | $40,857.79 |
| EDD | 4/11/01 | 10/12/01 | $17,065.11 |
| IRS | 5/14/01, 6/11/01 | 8/30/01 | $24,310.69 |
| IRS | 9/17/01, 12/10/01 | 4/23/02 | $33,060.30 |
| EDD | 4/30/02 | 5/13/02 | $11,497.90 |
| KRM | | 6/20/02 | |
| EDD | 7/24/02 | 2/11/03 | $364.89 |
| IRS | 9/23/02 | 1/17/03 | $19,600.85 |
| EDD | 2/27/03 | 5/9/03 | $2,731.67 |
| EDD | 2/27/03 | 3/31/03 | $925.46 |
| EDD | 2/27/03 | 3/31/03 | $52,983.51 |
| Foothill | | 6/27/03 | |
| IRS | 3/17/03, 3/24/03 | 5/25/04 | $18,996.65 |

---

[4] The Court notes that this chart sets forth only the balance due the United States and the EDD, because only these parties have provided the Court with recent information about the money due them.

| EDD | 4/11/03 | 12/02/03 | $5,945.84 |
| IRS | 6/23/03, 9/22/03, 12/15/03 | 5/25/04 | $52,604.69 |
| IRS | 11/24/03 | 4/19/05 | $18,667.28 |
| IRS | 9/27/04 | 4/19/05 | $14,045.10 |
| the Franzens | | 6/15/05 | |
| EDD | 10/18/04 | 7/21/05 | $701.44 |
| EDD | 10/25/04 | 7/21/05 | $546.62 |
| EDD | 10/25/04 | 5/5/05 | $6,097.98 |
| EDD | 11/17/04 | 7/21/05 | $17,093.46 |
| IRS | 12/20/04 | 4/19/05 | $8,885.15 |
| EDD | 2/25/05 | 12/13/05 | $101.22 |
| EDD | 3/22/05 | 12/13/05 | $262.98 |
| EDD | 4/21/05 | 12/13/05 | $3,172.68 |

Based on the foregoing, the Court grants the United States' motion for summary judgment. The Court hereby directs the clerk for the Orange County Superior Court to pay the claimants the surplus funds deposited with the court according to the chart above.

## B.   THE FRANZENS' MOTION FOR SUMMARY JUDGMENT

The Franzens' motion for summary judgment largely rehashes arguments that have already been rejected by this Court in its order denying the Franzens' motion to remand. Specifically, the Franzens argue that because the state court petition was filed pursuant to Cal. Civ. Code § 2924j(c), that section governs the instant case. According to the Franzens, the trustee properly notified the IRS of funds deposited with the Orange County Superior Court pursuant to Cal. Civ. Code § 2924j(c). The Franzens maintain that because the IRS did not make a claim for surplus funds deposited with the Orange County Superior Court within the thirty-day limit prescribed by Civ. Code § 2924j(c), the IRS has lost any priority it may have had to those claimants who timely filed.

The Franzens contend that this Court's order dated January 4, 2008, does not bar them from advancing the aforementioned arguments because the doctrine of res judicata

1
2
3
4
5
6

does not apply.  While a court will generally not re-examine issues previously decided under the "law of the case" doctrine, the Court nonetheless retains the ability to revisit its prior rulings.  See Moore v. Jas. H. Matthews & Co., 682 F.2d 830, 833 (9th Cir. 1982) ("The law of the case principle is analogous to, but less absolute a bar than, res judicata."). In this case, however, the Court declines to reach a different conclusion than that set forth in its prior order denying the Franzens' motion to remand.

7
8
9
10
11

As a preliminary matter, the Franzens have not sufficiently explained how the United States can be subject to proceedings under Cal. Civ. Code § 2924j(c), since the United States has not waived its sovereign immunity for that purpose.  The Franzens reliance on 26 U.S.C. § 7425 is unavailing because that section is inapplicable to this case.[5]  26 U.S.C. § 7425 seeks to protect a junior federal tax lien on property that is subject

12
13
14
15

16
17
18
19
20
21
22
23
24
25
26
27
28

_____

[5] Similarly, Diediker v. Peelle Financial Corp., 60 Cal. App. 4th 288 (1997), upon which the Franzens' rely, is inapposite.  In Diediker, real property was encumbered by a deed of trust in favor of Beneficial Mortgage Company of California in 1984.  Diediker, 60 Cal. App. 4th at 290-91.  Peelle Financial Corporation ("Peelle") was the trustee under the deed of trust.  Id. at 291.  In 1991, the IRS filed a notice of federal tax lien against the real property.  Id.  In 1992, Pellee sold the property at a nonjudicial foreclosure sale to Diversified Properties.  Id.  The deed conveying the property to Diversified Properties, stated: "After complying with all the requirements of law regarding the mailing of copies of the Notice of Default or the publication or delivery of same, the mailing, posting and publication of copies of the Notice of Trustee's Sale, and the recording of the Notice of Default and the Notice of Sale, the trustee sold the following described property at a public auction . . . ." Id. at 291.  However, prior to selling the property to Diversified Properties, Pellee failed to notify the IRS of the foreclosure sale.  Id.  In 1993, Diversified Properties sold the property to the plaintiff, Elmer J. Diediker, Jr.  Id.  Southland Title Company, as agent for the plaintiff and the appellant Transamerica Title Insurance Company ("Transamerica"), caused a title insurance policy to be issued on behalf of Diediker.  Id. Further, in referencing "local law" the Diediker court was speaking only to the different ways in which real property can be foreclosed upon under state law, e.g., in a judicial action or by nonjudicial foreclosure proceedings.  Id. at 223.

to a foreclosure sale by providing that the federal tax lien may not be discharged or disturbed unless the federal government is given notice of the foreclosure sale.[6] As stated

_____

[6] Specifically, the Senate explained 26 U.S.C. § 7425 as follows:

Under present law, a junior Federal tax lien may be discharged on foreclosure of a senior security interest. Such foreclosure may occur in a plenary judicial action, or, under the law of some States, by nonjudicial foreclosure pursuant to a power of sale contained in the senior security instrument. In addition, in some States, foreclosure of a senior security interest may be accomplished by sale of the property by a judicial officer pursuant to a judgment entered under a "confession of judgment" signed by the debtor (typically in the security interest instrument itself). Where State law so provides, a junior Federal tax lien may be extinguished without the United States either being made a party to the proceeding or having any actual notice. As a result, under current law tax liens are sometimes extinguished without the United States having actual notice of the proceedings, under circumstances where it is not possible for the Internal Revenue Service to take steps to protect the United States in the collection of its tax revenues.

Where there is a plenary judicial proceeding and the Government, as a junior lienor, must be joined for its interests to be discharged in the proceeding, the present procedure works well. However, in other cases where the interests of junior lienors may be eliminated without notice, it appears that the interest of the Government are not presently sufficiently protected. Although legitimate local considerations may preclude requiring the Government (in other than plenary proceeding) to be joined as a party for its interest under a tax lien to be discharged, there does not appear to be any reason why in these cases there should not be a timely notice of the proceedings to the Government where notice of its tax lien is on file. The requirement of notice gives the Government an opportunity to review its position and determine the appropriate action without placing an undue burden on a foreclosing creditor.

As explained below, . . . bill . . . makes provision for a timely notice to the Government where it has the status of a junior lienor and there is no plenary proceeding.
. . .
(2) Other foreclosure proceedings (sec. 7425(b) of the code)

(continued...)

supra, the federal tax liens at issue here are senior to the Franzens' tax lien.  Based on the foregoing, the Court denies the Franzens' motion for summary judgment.

## IV.   CONCLUSION

In accordance with the foregoing, the Court DENIES the Franzens' motion for summary judgment, and GRANTS the United States' motion for summary judgment.  The clerk for the Orange County Superior Court is instructed to pay claimants to the surplus funds deposited with the court in accordance with the priority of liens set forth in the chart above on pages 14-15.

IT IS SO ORDERED.

Date: June 3, 2008

*Christine A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

---

(...continued)

The bill provides that, in the case of all other foreclosure proceedings, where timely notice of the proceedings is given to the Government, the Government's claim to property under a tax lien is to be discharged in the manner provided by local law.

Where foreclosures covered by this provision are made without proper notice to the Government, the bill provides that this does not affect the Government's claim under a tax lien (as where the Government is not joined in a judicial foreclosure).  In these cases, the Government's claim continues against the property into the hands of a third party.  On the other hand, where notice of the Government's claim under a tax lien is not filed (even in those cases where filing is not required), or where the Government is notified of the proceeding, a sale has the same effect on the claim as local law provides with respect to similar claims.  (This is the same result as where the Government is not joined as a party in a plenary proceeding where its lien is not on file.)

S.Rep.No. 1708, 89th Cong., 2d Sess. (1966), 1966-2 Cum.Bull. 876, 895-96, 1966 ASCOT Cong. & Admin.News 3722, 3748-49.